# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

BOB CROUCH, )
)
         Plaintiff, )
)
vs. ) Case No. 14-CV-00420-RAW
)
JIM THOMPSON, )
)
         Defendant. )

## **ORDER**

This matter comes before the court on Defendant's Motion to Alter or Amend Judgment (Dkt. #88). Plaintiff filed their response on September 1, 2015 (Dkt. # 98). Defendant replied on September 16, 2015 (Dkt. # 100).

Defendant argues a reasonable jury could have found that he was injured by plaintiff's breach of the contract. Defendant claims "the value of the newborn calf" is a "red herring" and is not dispositive in determining damages. Defendant continues by stating that he "did <u>not</u> admit at trial that he would rather obtain a cow with a calf that is already born over a third stage pregnant cow with a calf still in the mother's womb." Dkt. 88, at p. 1. Defendant then states the dispositive question in determining whether he was damaged is "whether there is evidence of some *economic advantage* in obtaining a third stage pregnant cow with the calf still in the mother's womb over a cow with a newborn calf at the time of delivery." *Id*., at p. 2 (italics added).

Plaintiff responds by simply stating, as recognized by this court's order granting Plaintiff's Motion for Judgment as a matter of law (Dkt. # 86), "Defendant was not *damaged* when he purchased 136 calves for $250.00 and 9 calves for $200.00 . . . . . ." Dkt. # 98 (italics added). Defendant's reply goes through accounting gymnastics to try to prove his point that he lost an *economic advantage* by the change of the delivery date. Moreover, he argues this court has to adopt this argument because the plaintiff somehow confessed it by not specifically responding to it. Finally, defendant's reply implies the court must have engaged in an "<u>improper</u> weighing of the evidence" or "considered the credibility of witnesses" when it overturned the jury's verdict.

Defendant's argument regarding damages sounds in tort. In particular, Oklahoma recognizes two torts involving prospective economic advantage. The first, "intentional interference with prospective economic advantage" requires proof of "the existence of a valid business relation or expectancy, knowledge of the relationship or expectancy on the part of the interferer, an intentional interference inducing or causing a breach or termination of the relationship or expectancy, and resultant damage to the party whose relationship has been disrupted." *Boyle Servs., Inc. v. Dewberry Design Grp., Inc.*, 24 P.3d 878, 880 (Okla. Civ. App. 2001)(citing *Lakeshore Community Hosp. v. Perry*, 538 N.W.2d 24, 27 (1995). The second, "tortious interference with contractual or business relations" is generally confined to interference with employment contracts. *See*, *Gabler v. Holder and Smith, Inc.*, 11 P.3d 1269 (Okla. Civ. App. 2000). Tortious interference with present and prospective business relations requires proof that the plaintiff had a business or contractual right with which there was interference; the interference was

malicious and wrongful; the interference was neither justified, privileged nor excusable; and damage was proximately sustained as a result of the complained of interference. *Green Bay Packaging, Inc. v. Preferred Packaging, Inc.*, 932 P.2d 1091 (Okla. 1996). If there is no existing contract, "as in the tort of interference with business relations, the plaintiff must show either that prospective economic advantage would have been achieved had it not been for such interference or that there was, in view of all the circumstances, a reasonable assurance thereof." *Gabler*, 11 P.3d at 1279 (citing 45 Am.Jur.2d, Interference, § 6). "Although both torts do have similarities, the underlying theories of liability differ. Interference with a prospective economic advantage usually involves interference with some type of reasonable expectation of profit, whereas interference with a contractual relationship results in the loss of a property right." *Overbeck v. Quaker Life Ins. Co.*, 757 P.2d 846, 847-848 (Okla. Civ. App. 1984). In any event, the defendant's cross-claim was based solely on breach of contract and not on torts which recognize damages from loss of some reasonable expectation of profit or prospective economic advantage.

Based upon the evidence at trial, the defendant did not prove actual damages as a result of any breach of contract and he can not recover damages based upon his "expectation" of profit or loss of prospective economic advantage under his breach of contract claim.[1] Moreover, the evidence regarding damages by the defendant was purely speculative based upon both parties mistaken belief that these cattle could be sold for a

---

[1] Neither party ever asserted or argued a breach of partnership fiduciary duty. Rather, the parties requested and this court gave instructions under the Uniform Commercial Code for breach of the oral partnership agreement.

"substantial profit." As the court discussed more fully in the Order vacating the jury's verdict (Dkt. # 86), the *only* evidence presented by the defendant regarding actual damages was the Defendant's own testimony that he sold one of the calves shortly after delivery for $385.00. Clearly, this was more than he paid as a result of the alleged breach of the oral partnership agreement. Accordingly, this court hereby **denies** Defendant's Motion to Alter or Amend Judgment (Dkt. # 88).

It is so ordered on this 7th day of October, 2015.

Ronald A. White
United States District Judge
Eastern District of Oklahoma